UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DIAZ,

                        Plaintiff,

            -*against*-

D'ANGEL AUTO BODY REPAIR, INC.
d/b/a FLAT FIX TIRES, 149 AUTO BODY
REPAIR CORPORATION, *and* JUAN LAN-
TIGUA,

                        Defendants.

**ORDER**

24-cv-4220 (ER)

Roberto Diaz brings this action against defendants D'Angel Auto Body Repair, Inc.
(d/b/a Flat Fix Tires), 149 Auto Body Repair Corporation, and Juan Lantigua (President, CEO,
and manager of D'Angel Auto Body Repair, Inc.) for violations of the Fair Labor Standards Act
("FLSA"), the New York City Labor Law ("NYLL"), and corresponding provisions of Title 12 of
New York Codes, Rules, and Regulations ("NYCRR").  Doc. 1.  Before the Court is Defendants'
motion to dismiss the complaint for failure to state a claim.  Docs. 13, 16.  For the reasons set
forth below, Defendants' motion is GRANTED.

I.    BACKGROUND

The Complaint was filed on June 3, 2024, Doc. 1, and on August 2, 2024, Juan Lantigua
responded.  Doc. 13.  In his response titled "Answer & Motion to Dismiss," Lantigua asserted,
*inter alia*, that the FLSA is not applicable because Defendants' annual income is below the
$500,000 threshold established under the FLSA.  *Id.* at 2.[1]

---

[1] Lantigua, *pro se*, filed on behalf of himself, D'Angel Auto Body Repair, Inc. (d/b/a Flat Fix Tires), and 149 Auto
Body Repair Corporation (collectively, "Defendants").  "It is well settled, [] that a corporation may appear in federal

On August 20, 2024, the Court held a pre-motion conference regarding Lantigua's response. During the conference, the Court directed Lantigua to provide Plaintiff with any information confirming that Defendants' annual revenue is below the FLSA's $500,000 threshold and directed Diaz to update the Court by September 3, 2024, regarding whether, if the documents provided by Defendants accorded with Lantigua's representation, he wished to voluntarily dismiss or proceed with the case.

On September 4, 2024, with no update from Diaz, Lantigua filed a document titled "Motion to Dismiss the Case," asserting that the case should be dismissed because (1) Defendants have complied with the Courts August 20, 2024 order to provide Plaintiff with documentation demonstrating that their annual revenue is below the FLSA threshold, and (2) Diaz has not complied with the Court's order that they provide it with a status update. Doc. 16. The next day, Diaz filed a letter with the Court confirming receipt of Lantigua's documents suggesting that he did not meet the requisite $500,00 FLSA threshold and agreeing to proceed with litigation in state court. Doc. 17.

## II. DISCUSSION

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint

---

court only through an attorney and may not proceed *pro se*. *See, e.g.*, *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8 (2d Cir. 2023); *Hounddog Productions, L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011). Accordingly, Lantigua may not represent the defendant corporation. However, for the instant motion, the Court will consider the argument advanced by Lantigua, pertaining to the FLSA $500,000 annual revenue threshold, to be the same as what would be brought by defendants D'Angel Auto Body Repair, Inc. (d/b/a Flat Fix Tires) and 149 Auto Body Repair Corporation.

must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## A.  FLSA Claims

The FLSA was enacted by Congress to "protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"  *Barrentine v. Arkansas-Best Freight Systems, Inc.,* 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)).  To establish a claim under the FLSA, a plaintiff must show that:  (1) he or she was an "employee" of the defendants, as defined by the statute; (2) that the defendants were employers engaged in commerce; and (3) that the employment relationship was not exempt from the FLSA.  *See Dejesus v. HF Management Services*, LLC, 726 F.3d 85, 90 (2d Cir. 2013) (plaintiff alleged facts about employment status and duties to satisfy FLSA claim).

"To adequately allege interstate activity for purposes of employer coverage, a plaintiff must state in the complaint that the defendant company:  (1) is engaged in interstate commerce; (2) has at least two employees; and (3) has gross sales of not less than $500,000."  *Thurber v. Finn Academy,* No. 20-cv-6152 (EAW), 2021 WL 927627, at *7 (W.D.N.Y. Mar. 11, 2021) (quoting *Hamza v. Yandik*, No. 19-CV-0447 (LEK), 2020 WL 2092487, at *12 (N.D.N.Y. May 1, 2020)).  Defendants assert, and Plaintiff does not contest, that the third element cannot be met.  Docs. 13 at 2; 17.  Accordingly, Diaz's FLSA claim is dismissed with prejudice.

3

### B. NYLL & NYCRR Claims

Under 28 U.S.C. § 1367(c)(3), if the Court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction. Subject matter jurisdiction in the instant action is based on federal question jurisdiction rooted in claims brought under the FLSA. 28 U.S.C. § 1331. Because no federal claim remains that is subject to a merits determination by this Court, it would be inappropriate to adjudicate Diaz's state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *McGugan v. Aldana-Bernier,* No. 11-cv-342 (TLM), 2012 WL 1514777, at *8 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), aff'd, 752 F.3d 224 (2d Cir. 2014). Therefore, Diaz's NYLL and NYCRR claims are dismissed without prejudice to replead in state court.

### III. CONCLUSION

Accordingly, Defendants' motion to dismiss the complaint is GRANTED. The Court respectfully directs the Clerk of Court to close the case.

SO ORDERED.

Dated: September 11, 2024
      New York, New York

_____
Edgardo Ramos, U.S.D.J.